IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARK BENNER )
    Petitioner )
 )
vs. ) CASE NO. 3:20-cv-731
 )
INDIANA ATTORNEY GENERAL )
    Respondent )

## 28 U.S.C § 2254 HABEAS CORPUS PETITION BY A PERSON IN STATE CUSTODY

### CONVICTION AND SENTENCE

1. The judgment Petitioner is challenging was entered by the St. Joseph Superior Court, under case number 71D03-1511-FC-000009. Petitioner was found guilty by a jury of two counts of child seduction, and on October 5, 2018 was sentenced by the court to an aggregate term of five years and six months incarceration, execution suspended, with a probationary period of five years and six months.

### PROBATION / PAROLE REVOCATION

2. Petitioner is not challenging a probation / parole revocation.

### DIRECT APPEAL

3. Petitioner appealed from an interlocutory order denying his motion to dismiss the charges, which argued that to convict him of child seduction as charged would violate the Ex Post Facto Clause and that the section of the child seduction statute under which he was charged is unconstitutionally vague, to the Court of Appeals of Indiana, in case number No. 71A03-1607-CR-1609, which affirmed the denial of his motion to dismiss on July 27, 2017. Petitioner did seek transfer to the Indiana Supreme Court, which denied his petition on October 24, 2017.

Petitioner did not petition for certiorari to the United States Supreme Court. Petitioner appealed from his convictions, on the sole issue of whether there was sufficient evidence to sustain his convictions, to the Court of Appeals of Indiana, in case number 18A-CR-02614, which affirmed his convictions on July 16, 2019. Petitioner did not seek transfer to the Indiana Supreme Court from that decision or petition for certiorari to the United States Supreme Court.

## FIRST POST-CONVICTION RELIEF PETITION

4. Petitioner did not file a post-conviction relief petition in State court.

## OTHER COLLATERAL ATTACKS

5. Other than the cases listed above, Petitioner has not filed anything else in State court challenging this conviction.

6. Petitioner has not challenged this conviction in federal court.

7. Petitioner has not challenged this conviction in any other case or appeal.

## FILING FEE

8. Petitioner's attorney is paying the $5.00 filing fee on Petitioner's behalf.

## GROUNDS RAISED IN THIS HABEAS CORPUS PETITION

**GROUND ONE**: The section of Indiana's child seduction statute under which Petitioner was charged and convicted, Indiana Code § 35-42-4-7, is unconstitutionally vague within the meaning of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Supporting Facts:

Petitioner Mark Benner was an assistant girls basketball coach at Mishawaka High School beginning with the 2009-2010 season. Benner was not employed in any other position at

Mishawaka High School. For the 2012-2013 basketball season, P.A. was a junior at Mishawaka High School and a member of the basketball team. In March 2013, after the close of the basketball season, Benner resigned from his coaching position. Shortly thereafter, Benner met up with P.A. and they kissed for the first time. P.A. was seventeen years old at that time. Starting in August 2013 and continuing until January 2014, Benner and P.A. engaged in a sexual relationship. P.A. testified at trial that during this period of time she met with Benner for the purpose of this sexual relationship and not for the purpose of basketball.

Indiana's child seduction statute, I.C. § 35-42-4-7, was amended by the Indiana General Assembly during the 2013 legislative session and such amendment became effective on July 1, 2013. As pertinent here, the amendment added subsection (n), which provided:

A person who:

(1) has or had a professional relationship with a child at least sixteen (16) years of age but less than eighteen (18) years of age whom the person knows to be at least sixteen (16) years of age but less than eighteen (18) years of age;

(2) may exert undue influence on the child because of the person's current or previous professional relationship with the child; and

(3) uses or exerts the person's professional relationship to engage in sexual intercourse, deviate sexual conduct, or any fondling or touching with the child with the intent to arouse or satisfy the sexual desires of the child or the person;

commits child seduction.

The 2013 amendment also added I.C. § 35-42-4-7(i), which defined a "professional relationship" as follows:

For purposes of this section, a person has a "professional relationship" with a child if:

(1) the person:

(A) has a license issued by the state or a political subdivision on the basis of the person's training and experience that authorizes the person to carry out a particular occupation; or

(B) is employed in a position in which counseling, supervising, instructing, or recruiting children forms a significant part of the employment; and

(2) the person has a relationship with a child that is based on the person's employment or licensed status as described in subdivision (1).

The term includes a relationship between a child and a mental health professional or military recruiter. The term does not include a coworker relationship between a child and a person described in subdivision (1)(B).

Prior to this amendment, the child seduction statute did not contain the term "professional relationship." (It instead contained the term "child care worker," but only proscribed sexual conduct by a person who "is" – not "was" – the child care worker for a sixteen or seventeen year old.)

On November 20, 2015, the State charged Benner with two counts of child seduction. Count I was charged as a Class D felony and alleged that "[b]etween July 1, 2013 and January 9, 2014," Benner, "having had a professional relationship with [P.A.]," engaged in fondling or touching with P.A. with the intent to arouse or satisfy the sexual desires of either Benner or P.A. Count II was charged as a Class C felony and alleged that "[b]etween August 1, 2013 and January 9, 2014," Benner, "having had a professional relationship with [P.A.]," engaged in sexual intercourse or deviate sexual conduct with P.A.

Benner filed a motion to dismiss both charges on February 23, 2016, claiming that to convict him of child seduction as charged would violate both the federal and state prohibitions against ex post facto laws. On April 25, 2016, Benner filed a supplemental motion to dismiss, alleging Ground One herein as an alternative ground for dismissal. The State filed responses in opposition, and, following a hearing, the trial court denied Benner's motions.

On June 9, 2016, Benner filed a motion to certify the trial court's order for interlocutory appeal. The trial court granted the motion, and the Indiana Court of Appeals accepted jurisdiction

over the appeal. That Court issued a memorandum decision affirming 2-1 the trial court's denial of Benner's motions to dismiss. Judge Mathias dissented, believing that the version of the child seduction statute under which Benner was charged violated the Ex Post Facto clauses of the Indiana and United States constitutions and was unconstitutionally vague. See *Benner v. State*, No. 71A03-1607-CR-1609 (Ind. Ct. App. July 27, 2017), *trans. denied.*

Benner presented Ground One herein (as well as the Ex Post Facto issue) to the Indiana Supreme Court on August 28, 2017 in a Petition to Transfer from the decision of the Indiana Court of Appeals, which was denied on October 24, 2017. Justice David voted to grant the Petition to Transfer.

With respect to Ground One herein, Benner argued to the Indiana Court of Appeals and to the Indiana Supreme Court, as he had in the trial court, that the child seduction statute is unconstitutionally vague because under a reasonable interpretation of the amendment he had *never* had a "professional relationship" with P.A. at the time he engaged in sexual activity with her, since at the time he had been employed as her basketball coach the statutory definition of "professional relationship" had not yet come into being, and did not come into being until after he had already ended that employment, and since when the statutory definition of "professional relationship" *did* come into being on July 1, 2013 it only applied by its express terms if the person "is employed" – *not* "was employed." Any fondling or touching between Benner and P.A. after his employment as her coach had ended but before the amended statute become effective on July 1, 2013 would clearly have been legal under the law in effect prior to that date. Therefore, it would have been reasonable for Benner to conclude, if he was aware of the statutory amendment after July 1, 2013, that he did not have a "professional relationship" with P.A. when he was her basketball coach, and that he could not have "use[d] or exert[ed]" such a "professional

relationship" to engage in a sexual relationship with her on or after July 1, 2013. As Benner argued to the Indiana Supreme Court in his Petition to Transfer: "[B]oth the statutory definition of 'professional relationship' and the prohibited conduct portion of the statute contain plain and clear 'present tense' language e.g. 'is employed' and 'uses or exerts.' As noted by Judge Mathias; '… the statute, appears to refer to a defendant's *current* status and conduct, but allows conviction for *past* conduct. This version of the child seduction statute does not give a person of ordinary intelligence fair notice regarding what conduct is forbidden.'" Even apart from Ex Post Facto issues, nothing in the statutory amendment clearly indicated that the statute retroactively defined into existence a prior "professional relationship" that couldn't have existed at the time of the employment itself.

With respect to Ground One herein, the Indiana Court of Appeals in its 3-2 majority opinion held:

> Benner has failed to establish that the statute, as applied to him, is vague. It is immaterial whether Benner knew at the time he was coaching P.A. that he had a "professional relationship" with her. Rather, the relevant question is whether, after the effective date of the statutory amendment, he could determine that he previously had a professional relationship with P.A. when he was her basketball coach and whether such relationship barred him from pursuing a sexual relationship with her on or after July 1, 2013. The definition of "professional relationship" did exist at the time Benner committed the alleged crimes in this case. Additionally, subsection (n) of the child seduction statute in effect at the time of his alleged crimes explicitly stated that a person who "has *or had a professional relationship* with a child" commits child seduction if the person uses that professional relationship to engage in fondling or other sexual conduct with the child. I.C. § 35-42-2-7 (emphasis supplied).
>
> Because the statute set forth the definition of "professional relationship" and makes it a crime for a person who "has or had a professional relationship with a child" to use that relationship to engage in sexual activity with that child if the child is less than eighteen years of age, we conclude Benner was adequately apprised that his alleged conduct could be prosecuted as child seduction. Benner's claim that the statute is vague as applied to him fails.

Following the interlocutory appeal, a jury trial on the charges was held August 20-21, 2018, at the conclusion of which Benner was found guilty as charged. On October 5, 2018, the trial court sentenced Benner to consecutive terms of eighteen months and four years, all suspended to probation.

Benner appealed his convictions, challenging the sufficiency of the evidence. Concluding the State presented sufficient evidence to establish Benner used or exerted his professional relationship to engage in sexual conduct with P.A., the Indiana Court of Appeals affirmed Benner's convictions. *Benner v. State*, 131 N.E.3d 634 (Ind.Ct.App. 2019).

**TIMELINESS OF PETITION**

9. This petition is timely under the provisions of 28 U.S.C. § 2244(d). The final Indiana Court of Appeals opinion in Petitioner's case was issued on 07/16/2019. Although Petitioner did not file a petition to transfer to the Indiana Supreme Court from that decision, he had forty-five (45) days to do so. Therefore, the judgment became final forty-five (45) days after 07/16/2019 -- i.e., on 08/30/2019. 365 days after that is Saturday, 08/29/2020. Therefore, Petitioner has until Monday, 08/31/2020, to file this petition.

**RELIEF**

Therefore, Petitioner requests that this Court:

1. Issue a writ of habeas corpus; and

2. Grant any other relief to which Petitioner may be entitled.

*(signature)*
John A. Kindley (23839-71)
1456 Lincoln Way East
South Bend, IN 46613
Email: john@kindleylaw.com
Telephone: (574) 968-8602

*Counsel for Petitioner*


**DECLARATION AND SIGNATURE**

I declare under penalty of perjury that all of the statements in this petition are true.

Executed on August 28, 2020.

*(signature)*
Mark Benner
Petitioner